THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RIKER MCKENZIE-EL,
    *Plaintiff*,

v.

INTERNAL REVENUE
SERVICE, *et al.*,
    *Defendants*.

Civil Action No. ELH-19-1956

**MEMORANDUM**

In this tax dispute, the self-represented plaintiff, Riker McKenzie-El, filed suit against a host of defendants, seeking, *inter alia*, to enjoin the Internal Revenue Service ("IRS") from issuing notices of levy to collect unpaid income tax and to compel the disclosure of certain agency records. ECF 1 (the "Complaint"). In particular, plaintiff sued the IRS; IRS officials David Kautter, Ann Willis, and Christine L. Davis; the United States of America (collectively with the IRS defendants, the "United States" or the "Government"); the Ports America Chesapeake, LLC ("PAC"); PAC officer David Burstein; the "Steamship Trade Association/International Longshoremen's Association" ("STA")[1]; and STA President Michael P. Angelos. *Id.*[2] I shall refer to PAC and Burstein collectively as the "PAC Defendants." And, I shall refer to STA and Angelos collectively, as the "STA Defendants."

---

[1] In their Opposition, the STA and Mr. Angelos aver that the "Steamship Trade Association/International Longshoremen's Association" does not exist as an entity, and that the entity's proper name is "The Steamship Trade Association of Baltimore, Inc." ECF 23-1 at 1.

[2] Although not listed as defendants on the Complaint's caption page, the Complaint's recitation of the defendants also includes Michael J Desmond; "Unknown Named Employees of the IRS"; former Acting Attorney General Matthew G. Whitaker; and Jessie K. Liu, the former United States Attorney for the District of Columbia. *See* ECF 1 at 3.

On October 3, 2019, the United States moved to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and Rule 12(b)(6). ECF 18. Six days later, the PAC Defendants and the STA Defendants moved to dismiss under Rule 12(b)(6). ECF 22 (PAC); ECF 23 (STA). Plaintiff opposed the motions. ECF 32; ECF 33; ECF 34. And, defendants replied. ECF 35 (United States); ECF 36 (PAC); ECF 37 (STA).

By Memorandum Opinion (ECF 59) and Order (ECF 60) of February 24, 2020, I granted defendants' motions and directed the Clerk of Court to close the case. Thereafter, on March 9, 2020, plaintiff filed "Plaintiff's Motion For Reconsideration." ECF 62 (the "Motion" or "Motion to Reconsider").

No hearing is necessary to resolve the Motion to Reconsider. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I. Procedural Background

On July 2, 2019, Mr. McKenzie-El initiated this suit for damages, declaratory judgment, and injunctive relief. ECF 1. He alleges that on October 20, 2014, he satisfied a default judgment granted to the United States on January 24, 2008, in the amount of $102,923.78. *Id.* ¶ 24; *see also United States v. Riker (Rocky) McKenzie*, JFM-07-2317, ECF 11 (D. Md.) (entering default judgment and ruling that the United States was entitled to recover $121,834.69, plus interest and other statutory additions accruing from January 7, 2008, until paid). Plaintiff claims that he does not owe money to the Government, the IRS has "systematically targeted [him] with illegal collection practices," and the IRS has "subjected him to numerous, unnecessary, burdensome and unlawful wage garnishments." ECF 1, ¶ 11. Further, plaintiff complains that he has repeatedly sought information from the IRS regarding his debt, but the IRS has "refused" to furnish the requested documents. *Id.* ¶ 28.

The Complaint contains ten counts. Count I alleges a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. ECF 1, ¶¶ 36-40. In Count II, plaintiff asserts a claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. ECF 1, ¶¶ 41-45. Count III alleges a claim under "18 U.S.C. 242 Deprivation of rights under the color of law." ECF 1, ¶¶ 48-53. Count IV asserts a violation of Mr. McKenzie-El's rights under the Fourth Amendment to the Constitution. *Id.* ¶¶ 54-61. In Count V, plaintiff asserts violations of the Fifth and Fourteenth Amendments. *Id.* ¶¶ 62-67. Count VI lodges a claim under 26 U.S.C. § 6103. ECF 1, ¶¶ 68-72. Count VII asserts a violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.* ECF 1, ¶¶ 73-82. Count VIII asserts a claim for "Refund of Garnished Wages and Benefits." *Id.* ¶¶ 83-87. In Count IX, plaintiff alleges "Declaration Against Exclusive Representation." *Id.* ¶¶ 88-89. And, Count X alleges a violation of 18 U.S.C. § 241. ECF 1, ¶¶ 90-93. In addition, although not listed as a stand-alone count, plaintiff appears to lodge claims against the individual defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* ECF 1, ¶¶ 19, 64, 67.

As indicated, the United States moved to dismiss the Complaint under Rule 12(b)(1) and Rule 12(b)(6). ECF 18. The Government argued that the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421, precludes plaintiff's claims for injunctive relief with regard to the IRS's tax collection efforts and that the Declaratory Judgment Act, 28 U.S.C. § 2201, has the same effect with respect to plaintiff's claims for declaratory relief. ECF 18-1 at 4-6. The Government posited that the Court lacks jurisdiction over plaintiff's FOIA claim on the ground that plaintiff failed to exhaust his administrative remedies. *Id.* at 7-8. Similarly, the Government asserted that plaintiff's APA claim falters on jurisdictional grounds. *Id.* at 7 n.3. And, the Government contended that the Complaint does not allege viable

claims under 18 U.S.C. §§ 241 and 242; 26 U.S.C. §§ 6103 and 7431; 42 U.S.C. § 1983; and *Bivens*, 403 U.S. 388. ECF 18-1 at 9-10.

The PAC Defendants and the STA Defendants also sought dismissal of the Complaint. ECF 22; ECF 23. In particular, they maintained that plaintiff's suit was foreclosed by 26 U.S.C. § 6332, which they contended immunizes them from liability for complying with the IRS's garnishment of Mr. McKenzie-El's assets. ECF 22-1 at 4-5; ECF 23-1 at 4-5.

I granted defendants' motions in a Memorandum Opinion (ECF 59) and Order (ECF 60) on February 24, 2020. At the outset, plaintiff's claims for injunctive relief from the Government's tax collection efforts are barred by the AIA, which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 42 U.S.C. § 7421(a); *see* ECF 59 at 13-16. The Court observed that the AIA contains two narrow exceptions, but "[n]either exception applies to plaintiff's case." ECF 59 at 15. Plaintiff could not establish the first exception to the AIA—that the United States could not prevail on its tax claim—in light of the default judgment entered against plaintiff in 2008. *Id.* Nor could plaintiff satisfy the second exception—that the AIA deprived him of judicial review—because he had several avenues to seek relief: plaintiff could pay the tax and sue for a refund pursuant to 26 U.S.C. § 7422, or he could request a hearing with the IRS and appeal any adverse decision, pursuant to 26 U.S.C. §§ 6330, 7433. ECF 59 at 15-16. Plaintiff's claims for declaratory relief were likewise subject to dismissal because the Declaratory Judgment Act does not extend to federal tax disputes. ECF 59 at 16.

With respect to plaintiff's FOIA claim, the Court found that the claim was "premature" because "there is no allegation that plaintiff exhausted his administrative remedies by seeking further review from the IRS of its initial response to his request." *Id.* at 19-20. And, the Court dismissed

plaintiff's APA claim because the APA provides for judicial review of agency action only when "there is no other adequate remedy in a court," 5 U.S.C. § 704, and here FOIA provides for relief similar to that sought by plaintiff through his APA claim. ECF 59 at 22. Further, the Court identified defects with plaintiff's claims lodged under 18 U.S.C. §§ 241 and 242; 26 U.S.C. §§ 6103 and 7431; 42 U.S.C. § 1983; and *Bivens*, 403 U.S. 388. ECF 59 at 22-30. Thus, I dismissed the Government from the suit.

The Court also granted the motions filed by the PAC Defendants and the STA Defendants, concluding that they are entitled to statutory immunity. ECF 59 at 30-31. Under 26 U.S.C. § 6332(e), a custodian of property subject to an IRS levy who complies with the levy "shall be discharged from any obligation or liability to the delinquent taxpayer . . . ." It follows, the Court explained, that "§ 6332(e) shields the PAC Defendants and STA Defendants from liability arising from their compliance with the tax levy." ECF 59 at 32.

On March 9, 2020, Mr. McKenzie-El filed the Motion to Reconsider, asking the Court to vacate its decision and direct defendants to answer the suit. ECF 62.

## II. Standard of Review

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011). However, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the

5

judgment." A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60, captioned "Relief from a Judgment or Order." *See In re Burnley*, 988 F.2d 1, 2-4 (4th Cir. 1992) (construing untimely Rule 59(e) motion as a Rule 60(b) motion). Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order. It permits a party to file a motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg v. Heath Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that 28 U.S.C. § 455 "does not, on its own, authorize the reopening of closed litigation" but that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment").

The timing of the filing of the motion is the key factor in ascertaining which rule applies. The Fourth Circuit has said that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see In re Burnley*, 988 F.2d at 2-3; *Lewis v. McCabe, Weisberg & Conway, LLC*, DKC-13-1561, 2015 WL 1522840, at *1 (D. Md. Apr. 1, 2015). Defendants' Motion was filed on March 9, 2020 (ECF 62), within twenty-eight days of the filing of the Order on February 24, 2020 (ECF 60). Therefore, Rule 59(e) applies here.

Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has instructed that a Rule 59(e) motion "'can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence . . .; or (3) to correct a clear error of law or prevent manifest injustice.'" *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020) (alteration in *Wojcicki*) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)); *see*

*United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 206 (4th Cir. 2017); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006).

Rule 59(e) "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). Nor does a Rule 59(e) motion "'enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (citation omitted); *see* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3d ed. 2019) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.").

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see Pettis v. Nottoway Cty. Sch. Bd.*, 592 F. App'x 158, 161 (4th Cir. 2014). Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted); *see also* WRIGHT & MILLER § 2810.1.

### III. Discussion

Mr. McKenzie-El asks the Court to reconsider its decision of February 24, 2020, asserting that the Court's ruling is riddled with legal errors. ECF 62. At the outset, plaintiff avers that § 6332 "does

7

not apply to PAC and STA." *Id.* at 3. This is so, plaintiff argues, because § 6332 immunizes "banks only," and PAC and STA are not banks. *Id.* at 3. As to the Government, plaintiff baldly asserts that he can pursue injunctive relief against the Government because "both exceptions [of the AIA] were met here." *Id.* at 5. Plaintiff also contends that his FOIA claim is ripe because he in fact exhausted his administrative remedies. *Id.* And, he repeatedly avers that the Court erred in granting the Government's motion without requiring the United States to prove "its right to lay and collect taxes on the plaintiff." *Id.* at 6; *see id.* at 6-9.

Plaintiff's objections are unfounded. According to plaintiff, the Court erred in applying § 6332 to the PAC and STA, contending that § 6332's statutory grant of immunity applies only to banks. For support, plaintiff relies on *United States v. National Bank of Commerce*, 472 U.S. 713 (1985), where the Supreme Court observed that "a bank served with a notice of levy has two, and only two, possible defenses for failure to comply with the demand: that it is not in possession of property of the taxpayer, or that the property is subject to a prior judicial attachment or execution." *Id.* at 727; *see* ECF 62 at 3. But, *National Bank* did not concern § 6632(e). And, the reach of § 6632(e) is not so limited. To the contrary, and as the Court pointed out in its Memorandum Opinion (ECF 59 at 31), § 6632(e) broadly confers immunity to any custodian of a garnishee's property who honors an IRS levy. *See, e.g.*, *Caudle v. Colandene*, 115 F. Supp. 3d 713, 719 (W.D. Va. 2015); *Gust v. U.S. Airways*, No. 1:11cv133, 2011 WL 6296761, at *3 (W.D.N.C. Dec. 16, 2011), (holding that § 6632(e) immunized plaintiff's employer for complying with IRS tax levies), *aff'd*, 472 F. App'x 202 (4th Cir. 2012) (per curiam). Thus, the Court did not err in finding that the PAC Defendants and the STA Defendants are immune from plaintiff' suit.

The Court's rulings with regard to the Government's motion are equally sound. Plaintiff quarrels with the Court's application of the AIA to his claims, but he identifies no flaw in the Court's

8

analysis.  Similarly, despite plaintiff's contention that he exhausted his administrative remedies with respect to his FOIA claim, the Complaint does not allege that plaintiff constructively exhausted his remedies (*i.e.*, the IRS ignored his FOIA request) or that he actually did so (*i.e.*, appealed the IRS's initial FOIA determination) before the filing of his suit.  *See* 5 U.S.C. § 552(a)(6)(i)-(ii).

Plaintiff refers the Court to two exhibits that he attached to his motion for summary judgment as evidence that his FOIA claim is properly before the Court.  *See* ECF 62 at 5 (citing ECF 20-3 and ECF 20-7).  Neither document, however, concerns FOIA.  *See* ECF 20-3 (IRS Form 656-L "Offer in Compromise"); ECF 20-7 (A letter from the Department of Treasury "in response to [plaintiff's] correspondence concerning the reduction of your Federal payment").  And, although ECF 20-5 appears to be a letter from the Department of Justice to plaintiff concerning a FOIA request filed on December 14, 2017, there is no indication that plaintiff appealed this determination.  *See Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 823 (4th Cir. 2013) ("Before commencing litigation, a requester must ordinarily exhaust administrative remedies by appealing an issue through the FOIA administrative process following an initial adverse determination by the agency.").

Ultimately, plaintiff's disagreement with the Court's decision boils down to his belief that tax laws are inapplicable to him because they are unconstitutional or otherwise invalid.  According to plaintiff, he is a "not a 'taxpayer' nor 'US citizen,'" but rather a "natural man" who "owes no duty to the state, since he receives nothing therefrom, beyond the protection of his life and property."  ECF 62 at 7.  And, plaintiff contends that he has no obligation to pay taxes because he "is not under contract with the Internal Revenue Service nor the US."  *Id.* at 8.  Thus, in plaintiff's view, the "Court erred when it did not order the Defendants to prove its jurisdiction over [him] and to put on the record its evidence that [he] is a taxpayer under contract with the U.S. Defendants."  *Id.*

Plaintiff is correct that the Constitution guarantees that "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. But, those protections are not free. To paraphrase Justice Oliver Wendell Holmes, taxes are the cost of a civilized society. *See Compania Gen. de Tabacos de Filipinas v. Collector of Internal Revenue*, 275 U.S. 87, 100 (1927) (Holmes, J., dissenting); *see also N.Y. ex rel. Cohn v. Graves*, 300 U.S. 308, 313 (1937) ("Enjoyment of the privileges of residence in the state and the attendant right to invoke the protection of its laws are inseparable from responsibility for sharing the costs of government."). Thus, recognizing that we must all pay our fair share, courts have uniformly rejected the argument pressed by plaintiff that the Government lacks jurisdiction over him to collect taxes. *See, e.g.*, *United States v. Wright*, ___ F. App'x ___, 2020 WL 1228768, at *2 (4th Cir. Mar. 13, 2020) (rejecting "sovereign citizen theories" as "frivolous"); *Bey v. States*, 847 F.3d 559 (7th Cir. 2017); *United Sates v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017); *Rott v. Okla. Tax Comm'n*, 604 F. App'x 705, 708 (10th Cir. 2015); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983).[3]

### IV.     Conclusion

Because I am satisfied that the Court's Memorandum Opinion (ECF 59) and Order (ECF 60) were correctly entered, I shall DENY plaintiff's Motion to Reconsider (ECF 62).

A separate Order follows, consistent with this Memorandum.

Date: March 18, 2020                                        /s/
                                                                          Ellen L. Hollander
                                                                          United States District Judge

---

[3] Indeed, as I write, we are in the midst of the COVID-19 pandemic. The related costs to the Government are incalculable. It also costs money to run the government. To illustrate, the Centers for Disease Control and Prevention ("CDC"), a federal entity dedicated to protecting public health, and part of the United States Department of Health and Human Services, has been actively involved in various aspects of the current health crisis. The CDC is funded, of course, through taxpayer dollars.